NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FAHEEM ABBAS, | No. 18-73333 |
| Petitioner, | Agency No. A213-080-708 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 8, 2021
San Francisco, California

Before: McKEOWN and IKUTA, Circuit Judges, and ERICKSEN,** District Judge.

Petitioner Faheem Abbas, a native and citizen of Pakistan and citizen of

Ecuador, petitions for review of an order of the Board of Immigration Appeals

("BIA") affirming the denial of his applications for asylum, withholding of

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a). Having reviewed the agency's determinations for substantial evidence, we deny the petition. *See Singh v. Holder*, 638 F.3d 1264, 1268-69 (9th Cir. 2011).

In his opening brief, Abbas did not challenge the BIA's determination that he had firmly resettled in Ecuador and is thus ineligible for asylum based on the incidents in Pakistan. *See Maharaj v. Gonzales*, 450 F.3d 961, 967 (9th Cir. 2006) (finding the petitioner's failure to challenge an issue in his opening brief waived appeal on that issue). Substantial evidence supports the BIA's determination that Abbas can reasonably relocate within Pakistan. *See* 8 C.F.R. § 1208.16(b)(3); *see also Knezevic v. Ashcroft*, 367 F.3d 1206, 1214 (9th Cir. 2004). Therefore, Abbas's withholding of removal to Pakistan claim fails.

Even if the harm Abbas suffered in Ecuador amounted to persecution, the BIA's determination that the Ecuadorian government was willing and able to protect Petitioner is supported by substantial evidence. *See J.R. v. Barr*, 975 F.3d 778, 782-83 (9th Cir. 2020) ("Had the government been willing to continue to provide effective protection, [the petitioner] would have lacked a viable claim, for the government would have been both willing and able to protect him."). Accordingly, Abbas is not entitled to asylum or withholding of removal in Ecuador.

Finally, both of Abbas's CAT claims fail. Substantial evidence supports the BIA's determinations that Abbas failed to establish it was more likely than not that he would be tortured by, or with the acquiescence of, government officials if removed to Pakistan or Ecuador. *See* 8 C.F.R. § 1208.18(a)(1); *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED.**